### POUND v. MOLYNEAUX.

(Supreme Court, General Term, Second Department. July 28, 1893.)

MILK CANS—WRONGFUL POSSESSION—ACTION FOR PENALTY.

In an action for the penalty provided by Laws 1887, c. 401, as amended by Laws 1890, c. 25, for using or having in one's possession, without the consent of the owner, the milk can of another, stamped with his name, the evidence showed that defendant owned, but had leased, the spring house in which the can was found; that the lessee had agreed to milk defendant's cows, cool the milk, and deliver it at the side of the road; that defendant, according to his agreement, furnished the cans; but that the one belonging to plaintiff was not among those furnished by him, and was not known by him to be on the premises. There was no evidence that the can was ever used for defendant's milk. *Held*, that he was not liable.

Appeal from circuit court, Orange county.

Action by Henry S. Pound against Revilo H. Molyneaux to recover the penalty for using, or having in his possession, without the consent of plaintiff, a milk can, the property of plaintiff, stamped with his name, in violation of Laws 1887, c. 401, § 4, as amended by Laws 1890, c. 25. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

F. V. Sanford, for appellant.
C. Hull, for respondent.

BARNARD, P. J. This action was brought under chapter 401, Laws 1887, as amended by chapter 25, Laws 1890. The plaintiff

was the owner of a milk can. It was found in a milk spring belonging to defendant in August, 1891. The owner had given no consent that the defendant should have on his premises the can in question. The question litigated on the trial was one of fact. The defendant testified that, although he owned the farm on which the can was found, he.had leased the premises, previous to the finding of the can, to a Mrs. Huysen. The agreement was this: The cows on the farm belonged to defendant and a Mrs. Longyear. Mrs. Huysen rented the spring lot, and agreed to milk the cows, cool the milk, and deliver the same at the platform by the road. Defendant was to furnish the cans. Defendant did furnish the cans,'but this one was not among those furnished by him, and he never knew it was used on the farm. The cans were kept on defendant's other premises. Assuming these facts to be true, the defendant ,is not liable for the penalty for using the same. He had no knowledge that the plaintiff's can was in use in the business. He had leased the property on which the can was found. Mrs. Huysen could use the spring for cans of milk other than defendant's. The presumption is, under the finding of the jury, that the can was in Mrs. Huysen's possession, and was not used in the business of the defendant. There is no proof that the can ever was used for the defendant's milk. The judgment and order denying new trial should therefore be affirmed, with costs. All concur.